UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ANDRE LEVESQUE,

                    **Plaintiff,**

   -against-                                                8:13-CV-825

STATE OF NEW YORK; CLINTON COUNTY
GOVERNMENT CENTER; TOWN OF PLATTSBURGH
COURT; CITY OF PLATTSBURGH COURT; CLINTON
COUNTY COURT; CLINTON COUNTY DISTRICT
ATTORNEYS OFFICE; FRANKLIN COUNTY
DISTRICT ATTORNEYS OFFICE; CLINTON COUNTY
SHERIFFS OFFICE; PLATTSBURGH CITY POLICE;
NYS DIVISION OF STATE POLICE; NYS OFFICE OF
THE INSPECTOR GENERAL; CVPH MEDICAL
CENTER,

                    **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION and ORDER

**I.    INTRODUCTION**

Plaintiff ANDRE LEVESQUE commenced this action *pro se* asserting claims pursuant to 42 U.S.C. § 1983. Presently before the Court are motions to dismiss brought by Defendants State of New York, New York State Police, and New York State Unified Court System (as the parent agency of the City of Plattsburgh Court and Clinton County Court)("the State Defendants")(dkt. # 31); Defendant City of Plattsburgh Police ("Plattsburgh")(dkt. # 49); and Defendant CVPH Medical Center ("CVPH")(dkt. # 52).

1

## II. BACKGROUND

Plaintiff submits a long, rambling, and confusing hand-written complaint brought pursuant to 42 U.S.C § 1983 for alleged violations of his constitutional rights. Plaintiff claims that he has been a victim of discrimination, "dehumanization", retaliation, assault, and violations of his right to privacy. See Dkt. # 1. His claims stem from, or relate to, his confinement at the Clinton County Correctional Facility, his treatment by unspecified New York State Troopers, the refusal of the Clinton County District Attorney's Office to act on his complaints, and his treatment while psychiatrically confined at the CVPH Medical Center. Although not referencing any statute, Plaintiff also seemingly asserts a claim under the Americans With Disabilities Act against CVPH. It appears from the allegations in the Complaint that many, if not all, of Plaintiff's claims have been raised in prior litigation in this Court and in the courts of New York and New Hampshire.[1]

The Court assumes familiarity with the allegations made in the Complaint and will set forth below only those factual allegations pertinent to the pending dismissal motions.

## III. STANDARDS OF REVIEW

The parties move to dismiss the claims against them pursuant to Fed. R. Civ. P. 8, 10, 12(b)(1), 12(b)(6), and 12(h)(3). The following standards of review apply.

### 1. Rules 8 & 10

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to submit a Complaint consisting of a short, plain statement showing that the pleader is entitled to

---

[1] It should be noted that *pro se* Plaintiff also has been found to have acquired "three strikes" for the purposes of 28 U.S.C. § 1915(g) as three previous lawsuits were dismissed as frivolous or for failing to state a claim. See Levesque v. United States Government, 9:12-cv-00796 (N.D.N.Y. July 30, 2012)(Dkt. No.8).

2

relief. Fed. R. Civ. P. 8(a)(2). The purpose of the Rule 8(a)(2) pleading requirement is to provide fair notice to a defendant, to inform the defendant of the acts that the plaintiff complains of, and grounds upon which the plaintiff claims he is entitled to relief. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'")(quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). Rule 10 further requires a plaintiff to "state its claim . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10. "While the special leniency afforded to *pro se* civil litigants somewhat loosens the procedural rules governing the form of pleadings, it does not completely relieve a pro se plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10, and 12." Vega v. Artus, 610 F. Supp.2d 185, 195-96 (N.D.N.Y. 2009).

### b. Rule 12(b)(1) and 12(h)(3)

Under Rules 12(b)(1) and 12(h)(3) a court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2nd Cir. 2004) (citation omitted)." A plaintiff asserting subject matter jurisdiction bears the burden to prove its existence by a preponderance of the evidence. Morrison v. National Australia Bank Ltd., 547 F.3d 167, 170 (2nd Cir. 2008). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Id. (citation omitted). A district court may consider evidence outside the

pleadings and dismiss a case when it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2nd Cir. 2000). If jurisdiction is lacking, the action must be dismissed in its entirety. Fed. R. Civ. P. Rule 12(h)(3). Since dismissal of an action for lack of jurisdiction renders all other defenses and motions moot, courts will generally consider a 12(b)(1) motion before ruling on other bases for dismissal. U.S. ex rel Kreindler & Kreindler v. United Techs. Corp., 985 F.2d 1148, 1155-56 (2d Cir. 1993), cert. den. sub nom Kreindler & Kreindler v. United Techs. Corp., 508 U.S. 973 (1993).

### c. Rule 12(b)(6)

In reviewing the sufficiency of a complaint under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n. 1, 122 S. Ct. 992, 152 L. Ed.2d 1 (2002). However, a court may disregard those pleadings that are "no more than conclusions" and determine whether the remaining factual allegations "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 663–64, 679, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (quoting Twombly, 550 U.S. at 556).

Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id.

4

at 1965.  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. at 1965 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).

A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft, 129 S. Ct. at 1949.  Legal conclusions must be supported by factual allegations. Iqbal, at 1950.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).  The standard pursuant to Fed. R. Civ. P. 12(c) is identical to that under Rule 12(b)(6).  Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).

When assessing the sufficiency of a complaint against this backdrop, particular deference should be afforded to a *pro se* litigant whose complaint merits a generous construction by the Court when determining whether it states a cognizable cause of action. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'")(quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (internal quotations omitted)).  In the event of a perceived deficiency in a *pro se*

5

plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated. Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir.1991); see also Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

## IV. DISCUSSION

### a. The State Defendants' Motion

Defendants the State of New York, the New York State Police ("NYSP"), and New York State Unified Court System ("UCS") as the parent agency of the City of Plattsburgh Court and Clinton County Court move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff has opposed the motion. Dkt. # 34. For the reasons that follow, the motion is granted.

#### 1. Eleventh Amendment

The Eleventh Amendment of the United States Constitution bars a suit in law or equity in federal court against a State and its agencies absent the State's consent to such a suit or congressional abrogation of immunity. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); see Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Green v. Mansour, 474 U.S. 64, 72-73 (1985). "[I]t is beyond dispute that the State of New York and its agencies have never consented to be sued in federal court." Dube v. State Univ. of N.Y., 900 F.2d 587, 594-95 (2d Cir. 1990), cert. denied, 501 U.S. 1211 (1991). Moreover, Congress did not abrogate New York's Eleventh Amendment immunity by enacting Section 1983. Quern v. Jordan, 440 U.S. 332, 343-45 (1979). "The law is clear that the State, and state agencies ... are immune from prisoner § 1983 suits

6

because of their Eleventh Amendment sovereign immunity." Jackson v. Johnson, 985 F. Supp. 422, 426 (S.D.N.Y. 1997); see also Quern, 440 U.S. at 343-45. While a narrow exception to Eleventh Amendment immunity allows a federal court to issue an injunction against a state official in his or her official capacity who is acting contrary to federal law, Ex Parte Young, 209 U.S. 123 (1908); see Pennhurst, 465 U.S. at 102; New York Health and Hospitals Corporation et al. v. Perales, 50 F.3d 129 (2d Cir. 1995), Plaintiff has not sued any state official. Accordingly, Plaintiff's constitutional claims against the State Defendants must be dismissed as barred by the Eleventh Amendment. Will v. Michigan Dep't of State Police, 491 US 58, 64 (1989); Turner v. Olympic Regional Development Authority, 89 F. Supp.2d 241, 246 (N.D.N.Y. 2000); Mullin v. New York State Department of Motor Vehicles, 942 F. Supp 110, 111 (E.D.N.Y. 1996).

### 2. Section 1983 Claims Against "Persons"

Moreover, Section 1983 allows claims to be brought only against "persons." See 42 U.S.C. § 1983.[2] The United States Supreme Court has held that the States, and their agencies, are not "persons" within the meaning of Section 1983. Will v. Michigan Dep't. of the State Police, 491 US 58, 71 (1989); Harris v. Mills, 572 F3d 66, 69-70 (2d Cir. 2009) (state agencies are not "persons" under section 1983). Thus, the State of New York, the NYSP, and the UCS are not proper defendants in this Section 1983 action.

---

[2]Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added).

### 3. Conclusion - State Defendants' motion

For these reasons, the State Defendants' motion to dismiss the claims against them is granted. Because an amendment seeking to bring Section 1983 claims against the State of New York, the New York State Police, the New York State Unified Court System, the City of Plattsburgh Court, or Clinton County Court would be futile, the dismissal against <u>these defendants</u> is with prejudice. The Court offers no opinion as to whether Plaintiff might have a legally cognizable claim against an unnamed individual state actor. Because Plaintiff *may* have cognizable claims against an individual state actor, he is granted leave of thirty (30) days to file an amended complaint bringing a claim or claims against an individual state actor or actors. If Plaintiff elects to file an amended complaint in this regard, he must state specifically the approximate date and location of the alleged constitutional deprivation, the identity of the alleged actor, and the facts upon which the claim or claims are based. The allegations must be short and concise as required by Fed. R. Civ. P. 8 & 10. Plaintiff is advised that an amended complaint will be deemed to <u>supersede in all respects the original complaint</u>. <u>Therefore, if Plaintiff files an amended complaint he must properly allege the claims for which leave to amend have been granted and must properly re-allege the claims that have not been dismissed by this Decision and Order</u>. <u>The failure to file an amended complaint within this time frame will be deemed as an abandonment of any claims against state actors and will result in judgment being entered against Plaintiff on such claims without further order by the Court</u>.

### b. City of Plattsburgh Police Department's Motion

Defendant City of Plattsburgh Police moves to dismiss the claims against it for

8

failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure; because the Plattsburgh City Police Department is not an independent agency subject to suit; and because Plaintiff has not alleged a viable cause of action against the City of Plattsburgh. Plaintiff submitted opposition to the motion. See dkt. # 59. For the reasons that follow, the Court agrees with Defendant City of Plattsburgh Police Department and therefore grants its motion.

Plaintiff asserts that his rights have been violated, but he fails to specify which defendants violated which right. The Complaint contains no factual allegations against the City of Plattsburgh Police Department. While Plaintiff claims that he was subjected to a retaliatory arrest in 2012 and 2013, he fails to indicate what he was arrested for, the date of his arrests, the circumstances surrounding his arrests, or what agency arrested him. Plaintiff's allegations that he was arrested, without more, do not place the defendant on notice of the cause of action alleged against it. Accordingly, the claims against the Plattsburgh City Police Department must be dismissed pursuant to Rules 8 and 10.

## 2. A Police Department is Not an Entity Subject to Suit

Further, a Police Department is not an entity subject to suit under New York law. See In re Dayton, 786 F. Supp.2d 809, 818 (S.D.N.Y. 2011);[3] Moffett v. Town of Poughkeepsie, 2012 WL 3740724, at *1, n.1 (S.D.N.Y. Aug. 29, 2012);[4] Davis v. Lynbrook

---

[3]("several cases have held that municipal departments cannot be sued under New York law") (collecting cases)

[4]("Under New York law, the Town of Poughkeepsie Police Department is an administrative arm of a municipality and does not have a separate legal identity.")

Police Dep't, 224 F. Supp.2d 463, 477 (E.D.N.Y. 2002).[5] Thus, the claims against the Plattsburgh Police Department are also subject to dismissal on this basis.

### 3. Suit Against the City of Plattsburgh

The Second Circuit has directed district courts to grant leave to *pro se* litigants to allow them to amend their pleadings in such circumstances to name the municipality in which the police department sits as the real party in interest. See Morris v. New York City Police Dept., 59 Fed. Appx. 421, 422-23 (2d Cir. 2003). Apparently recognizing this rule, the Plattsburgh City Police Department argues that the Complaint fails to allege a cognizable claim against the City of Plattsburgh. The Court agrees.

In order for a municipality to be held liable under 42 U.S.C. § 1983, Plaintiff must plead an unconstitutional policy or custom adopted by the municipality that resulted in a violation of his civil rights. Henderson v. Town of Greenwich, 2009 U.S. App. LEXIS 5714, at *2 (2d Dept. 2009)(citing Monell v. Dep't Soc. Servs., 436 U.S. 658 (1978)). Plaintiff's Complaint contains no allegations that the City of Plattsburgh had a policy or custom of violating its citizen's civil rights.

Accordingly, the Complaint is dismissed against the City of Plattsburgh Police Department and the City of Plattsburgh. The Court offers no opinion as to whether Plaintiff might have a legally cognizable claim against an unnamed City of Plattsburgh police officer, or against the City of Plattsburgh. Because Plaintiff *may* have cognizable claims against such possible defendants, he is granted leave of thirty (30) days to file an amended complaint bringing a claim or claims against an individual City of Plattsburgh

---

[5]("[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued.")

10

police officer and/or against the City of Plattsburgh.  If Plaintiff elects to file an amended complaint in this regard, he must state specifically the approximate date and location of the alleged constitutional deprivation, the identity of the alleged actor(s), and the facts upon which the claim or claims are based.  The allegations must be short and concise as required by Fed. R. Civ. P. 8 & 10.  <u>Plaintiff is advised that an amended complaint will be deemed to supersede in all respects the original complaint. Therefore, if Plaintiff files an amended complaint he must properly allege the claims for which leave to amend have been granted and must properly re-allege the claims that have not been dismissed by this Decision and Order.  The failure to file an amended complaint within this time frame will be deemed as an abandonment of any claims against City of Plattsburgh police officers and the City of Plattsburgh, and will result in judgment being entered against Plaintiff on such claims without further order by the Court</u>.

### c. CVPH Medical Center's Motion

The CVPH Medical Center ("CVPH") moves to dismiss Plaintiff's claims against it. Plaintiff has opposed the motion. Dkt. # 59.  For the reasons that follow, CVPH's motion is granted.

This is the second lawsuit that Plaintiff has pending against CVPH in the United States District Court for the Northern District of New York.  The majority of the causes of action in first case, <u>Levesque v. CVPH Medical Center</u>,  9:12-CV-0960 (N.D.N.Y.), were dismissed with prejudice upon review by the Hon. David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 1915A.  The dismissal was effective as to all Section 1983 claims against CVPH.  Plaintiff also seemingly alleged Americans with Disabilities Act, Title III ("ADA") claims.  The ADA claims dealt with injuries Plaintiff claims he sustained

11

when CVPH allegedly did not provide him with a reasonable accommodation. The parties are currently awaiting a decision on CVPH's motion to dismiss the ADA claims.

In the instant case, Plaintiff seeks to recover against CVPH for violations of his constitutional rights brought pursuant to Section 1983, and for what appears to be an ADA failure to accommodate. In this regard, he claims that: (1) on January 29, 2013 he was scratched in the face by a nurse at CVPH when he was trying to leave the facility (Compl. ¶ 33); (2) he was not provided with accommodations for his disability at CVPH (id. ¶ 18); and (3) the healthcare system generally tortures him and others (id. ¶ 65).

> Defendant CVPH contends:
>
> These allegations are insufficiently pled and have no basis in applicable law. The Complaint contains unintelligible allegations and assertions. It is confusing and rambling in nature, has a baseless prayer for relief,[6] and very few of the numbered paragraphs appear to pertain to CVPH. Moreover, due to the fact that Plaintiff's 42 U.S.C. § 1983 constitutional tort claims were dismissed with prejudice and this Complaint seems to be based on the same or similar factual allegations as that Complaint, this Complaint is subject to dismissal based on *res judicata* and/or collateral estoppel.
>
> . . .
>
> Further, due to the manner in which the Complaint is drafted, the elements of Plaintiffs claims are impossible to decipher. To the extent there are factual allegations supporting any claim against CVPH, those allegations are intermixed with an overwhelming number of irrelevant and unintelligible factual allegations. Moreover, many of those allegations clearly have no basis in reality. In sum, there is no plausible connection between Plaintiff's allegations and any purported violation of 42 U.S.C. § 1983 or the ADA.

Def. MOL, p. 3-5.

---

[6] Based on the allegations and assertions by Plaintiff, he requests one hundred million dollars ($100,000,000.00) from each defendant and one hundred billion dollars ($100,000,000,000.00) in lost revenue from his business.

### 1. Section 1983 & State Action

As Judge Hurd held in <u>Levesque v. CVPH Medical Center</u>,

> As a threshold requirement for Section 1983 actions, plaintiff must show that the [CVPH Medical Center] was a state actor. *See* 42 U.S.C. § 1983. Since it is the duty of the plaintiff to allege state action, a court may dismiss an action where a plaintiff fails to plead such a nexus. *See, e.g., Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous pro se complaint where plaintiff failed to allege state action on part of defendants) (citations omitted); *see also DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975) (affirming dismissal of complaint where plaintiff failed to include allegations of state action in complaint), *modified on other grounds*, 520 F.2d 409 (2d Cir. 1975); *Lawson v. Abrams*, No. CV-84-4325, 1988 WL 49244, at *4 (E.D.N.Y. May 6, 1988) (same).
>
> Plaintiff's Section 1983 claims against CVPH [in his Amended Complaint] suffer from the same infirmities as those set forth in his original complaint. As plaintiff was advised in the October Order:
>
>> Here, plaintiff has not sufficiently alleged that CVPH qualified as a state actor for Section 1983 purposes. At the outset, there is nothing in the complaint suggesting that CVPH is anything other than a private medical center. "Unless certain rare conditions exist, private hospitals . . . are not state actors for purposes of Section 1983." *Amofa v. Bronx-Lebanon Hosp. Center*, No. 05 Civ. 9230, 2006 WL 3316278, at *4 (S.D.N.Y. Nov. 13, 2006) (citations omitted). The actions of a private entity, like CVPH, can be attributable to the state for purposes of Section 1983, only when one of the following three tests are met: 1) "the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state;" 2) "when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate' or the entity's functions are 'entwined' with state policies;" or 3) "when the entity 'has been delegated a public function by the [s]tate.'" *Sybalski v. Independent Group Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) *(quoting Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288 (2001)).
>>
>> Plaintiff's only allegation connecting CVPH and the state, is the mere fact that he was brought to the medical center under arrest. However, that allegation alone is insufficient to establish CVPH as a state actor. *See Morse v. City of New York*, No. 00 Civ. 2528, 2001 WL 968996, at *8 (S.D.N.Y. Aug. 24, 2001) ("The fact that [plaintiff] was brought to the hospital from police custody and was released from the hospital into police custody is insufficient to transform this private hospital and its staff into state actors for

> section 1983 purposes.").

October Order at 5-6.

Based on the foregoing, plaintiff has failed to allege facts showing that CVPH was a state actor as required for Section 1983 claims. Accordingly, plaintiff's Section 1983 claims against CVPH will be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

Levesque v. CVPH Medical Center, 9:12-CV-0960, Aug 15, 2013 Dec. & Ord., dkt. # 74, pp. 6-8.

Plaintiff's Section 1983 claims against CVPH in the instant action suffer from the same deficiency as addressed by Judge Hurd in 9:12-CV-0960. Plaintiff has not alleged sufficient facts to demonstrate that CVPH is a state actor, thus requiring dismissal of the Section 1983 claims in this case. Because Plaintiff was first advised of the state action requirement in Levesque v. CVPH Medical Center, 9:12-CV-0960 *before* he commenced the instant action, and because the Complaint fails to allege facts demonstrating that CVPH is a state actor, the dismissal of the Section 1983 claims against CVPH is with prejudice.

### 2. ADA Accommodation Claim

Plaintiff's ADA accommodation claim against CVPH is so sparse and ambiguous that it fails to comply with Fed. R. Civ. P. 8 and makes it impossible to determine whether the claim is the same as alleged in 9:12-CV-0960 such to apply either *res judicata* or collateral estoppel. Accordingly, Plaintiff's ADA accommodation claim is dismissed without prejudice. Because Plaintiff *may* have a cognizable ADA accommodation claim against CVPH that is *different* than the ADA claim asserted in 9:12-CV-0960, he is granted leave of thirty (30) days to file an amended complaint bringing an ADA accommodation

14

claim against CVPH. If Plaintiff elects to file an amended complaint in this regard, he must state specifically the facts upon which the claim is based. The allegations must be short and concise as required by Fed. R. Civ. P. 8 & 10. Plaintiff is advised that an amended complaint <u>will be deemed to supersede in all respects the original complaint</u>. <u>Therefore, if Plaintiff files an amended complaint he must properly allege the claims for which leave to amend have been granted and must properly re-allege the claims that have not been dismissed by this Decision and Order</u>. <u>The failure to file an amended complaint within this time frame will be deemed as an abandonment of any claims against CVPH and will result in judgment being entered against Plaintiff on the ADA accommodation claim without further order by the Court</u>.

### d. Plaintiff's Motions

Plaintiff has filed a letter motion asking the Court to advise him "how [he] can get" responses from the defendants who did not respond to his summons and complaint, and asking for a pretrial conference before the Hon. Randolph F. Treece, United States Magistrate Judge. Dkt. #29. The motion is denied. The court cannot provide legal advice to a litigant. Magistrate Judge Treece will schedule a conference if and when he determines that action is required.

Plaintiff has also filed a motion "objecting" to the Court's extension of time for Defendant City of Plattsburgh Police to respond to the complaint, and requesting that the Court issue an Order requiring the defendants who did not respond to Plaintiff's summons and complaint "to pay 9 million dollars each." This motion is also denied. Inasmuch as all claims against the City of Plattsburgh Police are dismissed, that aspect of this motion is moot. As to Plaintiff's claim for $9 million against each defendant who did not respond to

15

Plaintiff's summons and complaint, Plaintiff fails to establish that he is entitled to a default judgment against any defendant. See Fed. R. Civ. P. 55.

## V. CONCLUSION

For the reasons set forth above, the motions brought by Defendants State of New York, New York State Police, and New York State Unified Court System (as the parent agency of the City of Plattsburgh Court and Clinton County Court)(dkt. # 31); Defendant City of Plattsburgh Police (dkt. # 49); and Defendant CVPH Medical Center ("CVPH")(dkt. # 52) are GRANTED, and all claims against these defendants are DISMISSED. Plaintiff is granted leave of thirty (30) days to file an amended complaint setting forth certain claims as addressed more particularly above. Plaintiff is reminded that <u>if he files an amended complaint he must properly allege the claims for which leave to amend have been granted and must properly re-allege the claims that have not been dismissed by this Decision and Order</u>. <u>The failure to file an amended complaint within this time frame will be deemed as an abandonment of any claims for which leave to re-plead has been granted and will result in judgment being entered against Plaintiff on these claims without further order by the Court</u>.

Plaintiff's motions, dkt # 29 and dkt. # 30, are denied the reasons set forth above.

**IT IS SO ORDERED**.

Dated: September 8, 2014

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge